## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF VIRGINIA

## ALEXANDRIA DIVISION

|  |  |
|---|---|
| MALIBU MEDIA, LLC,<br><br>               Plaintiff,<br><br>      v.<br><br>JOHN DOE,<br><br>               Defendant. | Case No. 1:14-cv-0939-LMB-JFA<br><br>Assigned to: Hon. Leonie M. Brinkema<br>United States District Judge<br><br>Referred to: Hon. John F. Anderson<br>United States Magistrate Judge |

### CONSENT MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND TO SEAL FIRST AMENDED COMPLAINT AND SUMMONS

Comes now the Internet user who pays the bill for the account associated with IP address 173.72.163.229 ("Movant"), who Malibu Media accuses of being the John Doe defendant in this action, by and through counsel, to move the court for leave to proceed anonymously, and to seal the un-redacted First Amended Complaint (ECF No. 10) and Summons (ECF No. 11) filed in this action, and related docket entries, and shows the Court as follows:

## I.  INTRODUCTION

This case is one of the many pornographic BitTorrent copyright infringement cases filed by Malibu Media, LLC in this district and across the country.  .

Movant asks that the Court allow Movant to proceed anonymously through the close of discovery and dispositive motions.  The focus of the instant motion is whether Movant will be *publicly* identified at this stage of the litigation in this pornography case.  Movant asks that until the close of discovery and dispositive motions, Movant only be identified publicly using the pseudonym "John Doe".  Accordingly, in keeping with that goal, Movant asks that the un-redacted

- 1 -

First Amended Complaint and Summons filed in this action be sealed, and that new versions with Movant's name redacted be filed for the public docket.  The main grounds for this request are the embarrassing nature of the allegations, given the pornographic subject matter at issue in the case, and the pressure that may put on John Doe to settle to avoid a permanent record of such embarrassing accusations.   Until there is a finding that Movant is actually the person who committed the pornographic downloads at issue, Movant believes it is unfair to subject him to the intrinsic embarrassment and sexual stigma associated with this lawsuit.

Malibu Media's counsel has authorized undersigned to report that ***Malibu Media does not oppose the relief sought in the instant motion***.  When Malibu has occasionally been pressed about the propriety of its requests to issue subpoenas to ISPs and charges that it uses the stigma associated with pornography to extortionate effect, it has made a point of representing to various courts that it "never" opposes this kind of request.  *See, e.g., Malibu Media v. John Doe*, N.D. Ill. No. 1:13-cv-2702, ECF No. 16, 6/25/13 (brief of Malibu Media stating, "Malibu Media has informed its counsel to never oppose a defendant's motion to proceed anonymously.  This has been the case across the board for *every* individual suit it has ever filed," and citing various courts across country who have recognized this policy).

There is no shortage of U.S. district courts that have granted similar (indeed, sometimes identical) motions in other Malibu Media cases.  *See, e.g., Malibu Media, LLC v. John Doe*, N.D. Ill. No. 1:13-cv-2702, ECF No. 30, 9/26/13 (granting nearly identical motion to this one, sealing un-redacted amended complaint and summons, and allowing suit to proceed anonymously); *Malibu Media, LLC v. John Doe*, E.D. Mi. No. 13-cv-11432, ECF No. 16, 9/26/13 (order granting nearly identical motion to this one, allowing suit to proceed anonymously); *Malibu Media, LLC v. John Doe*, D. Colo. No. 13-cv-2382, ECF No. 16, 10/15/13 (same); *Malibu Media, LLC v.*

_Reynolds, et al._, N.D. Ill. No. 1:12-cv-6672, ECF No. 51 (order granting leave to proceed anonymously); _Malibu Media, LLC v. John Does 1-37,_ N.D. Ill., No. 1:12-cv-06674, ECF No. 33, (same).

In fact, in an unusual proceeding before two district judges in the District of Maryland, the court there _sua sponte_ ordered the relief requested here as a blanket policy for all Malibu cases pending in that district, namely that John Does would kept anonymous (although their identities are known to the Court and to Malibu). _Malibu Media, LLC v. John Doe,_ D. Md. No. 13-cv-360, ECF No. 31, 7/13/13 at p. 5 (ordering, _inter alia_, that "Any amended complaint filed by Malibu naming an individual defendant shall be filed so that the name and any specifically-identifying information are redacted from the publically-available court docket, with an unredacted copy filed under seal.")

## II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is one of the over 1,000 copyright infringement actions that Malibu Media, LLC has filed since 2012.  In these cases, Malibu alleges that unknown Internet users, identified only by IP addresses, downloaded Malibu Media's pornographic movies using a file sharing protocol called BitTorrent.  Malibu Media, through a third party firm called IPP, logs the IP addresses of people who download its movies and then files suit against those IP addresses in federal court.  Malibu then seeks leave to issue a subpoena to the ISP that issued the IP address, to identify the person who pays the bill for the account to which the IP address at issue was assigned.

Crucially, just because someone happens to pay the Internet bill for his or her household, does not mean that he or she is the person who was using an IP address at a given time to download a movie on BitTorrent.  "IP subscribers are not necessarily copyright infringers."  _VPR Internationale v. Does 1-1017_, No. 11-cv-02068-HAB-DGB, 2011 U.S. Dist. LEXIS 64656, *3

(N.D. Ill. Apr. 29, 2011).  "Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect ... The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."  Id. at *4; *see also Hard Drive Prods. v. John Doe*, Civ. A. No. 11 CV 8333, 2012 U.S. Dist. LEXIS 89937, *6 (N.D. Ill. June 26, 2012).  Forensics firms often misidentify innocent subscribers as infringers for other reasons, including:

1. IP addresses and timestamps that do not reliably identify the correct party;

2. An ISP subscriber with dynamic IP addressing through its website host shares its IP address with several other subscribers; and

3. Anyone with wireless capability can use a subscriber's wifi network to access the Internet, giving the impression that it is the subscriber who is engaged in potentially wrongful acts.[1]

Here, the complaint was filed on July 24, 2014 (ECF No. 1) along with a motion for leave to take early discovery (ECF Nos. 3, 4), and the Court ultimately granted that motion on July 28, 2014 (ECF No. 7).  Presumably after a return was made on the ISP subpoena Malibu received permission to issue, an unredacted First Amended Complaint (ECF No. 10) and Summons (ECF No. 11) were filed on the public ECF/PACER docket using Movant's true name, on October 28, 2014.

As with all Malibu Media lawsuits, the copyrights at issue here correspond to titles found on the X-Art.com website.  A quick search for any of the titles at issue here on the X-Art.com

---

[1] *See* Michael Piatek et al., *Challenges and Directions for Monitoring P2P File Sharing Networks—or Why My Printer Received a DMCA Takedown Notice*, Proceedings of 3rd USENIX Workshop on Hot Topics in Security, at 3 (2008) (available at http://dmca.cs.washington.edu/uwcse_dmca_tr.pdf)

website turns up preview clips of movies showing nude models engaged in graphic sexual intercourse.

### III.  ARGUMENT

There exists a presumption that the identity of parties to litigation is public information. However, that presumption, including the presumption that there would be prejudice to the opposing party from the concealment, may be rebutted by showing that the harm to the party seeking to proceed anonymously exceeds the likely harm from concealment.  _Doe v. City of Chicago_, 360 F.3d 667, 669 (7th Cir. 2004); _see Does I thru XXII v. Advanced Textile_, 214 F.3d 1058, 1068–69 (9th Cir. 2000) (use of pseudonyms appropriate to guard against risk of personal embarrassment); _cf. Doe v. INS_, 867 F.2d 285, 286 n.1 (6th Cir. 1989) (holding that petitioner's fear of retaliation against him and his family members is sufficient to allow use of pseudonyms).

As one court noted in a similar case involving allegations that a John Doe defendant had downloaded pornography using BitTorrent, "[R]equests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature." _Third Degree Films_, 2011 U.S. Dist. LEXIS 128030, at *11 (citation omitted).  "An allegation that an individual illegally downloaded adult entertainment likely goes to [such] matters."  _Id._ Anonymity is required to protect Movant's privacy.  "Defendants' motions to quash subpoenas for the very purpose of protecting their identifying information ... should be allowed to proceed anonymously because assessing these preliminary matters without knowing defendants' identities causes plaintiffs no harm."  _CineTel Films, Inc. v. Does 1-1,052_, Civil No. JFM 8:11-cv-02438, 2012 U.S. Dist. LEXIS 47701, *5 n. 2 (D. Md. Apr. 4, 2012).  Such exceptional circumstances exist in the instant case.

Most cases dealing with anonymity, like *Doe v. City of Chicago*, involve attempts by the *plaintiff* to remain anonymous.  A major component of the concern about parties proceeding anonymously involves a concern about plaintiffs attempting to access the federal courts without revealing their identities.   In this case, however, it is a *defendant* who wishes to proceed anonymously.

Three judges in the Northern District of Illinois have expressly ruled on this issue and granted motions seeking the same relief being requested here.   See *Malibu Media, LLC v. Reynolds, et al.*, N.D. Ill. No. 1:12-cv-6672 [ECF No. 51] (Kendall, V.); *Malibu Media, LLC v. John Does 1-37*, N.D. Ill. No. 1:12-cv-06674 [ECF No. 33] (Feinerman, G.); and *Sunlust Pictures, LLC v. Does 1-75*, 2012 U.S. Dist. LEXIS 121368, *14-15 (N.D. Ill. August 27, 2012) (Tharp, J.).

Judge Kendall noted that permitting a John Doe defendant to proceed anonymously is especially appropriate where there is an increasing amount of uncertainty as to whether the IP address identified by Malibu Media's investigators actually reflects activity performed by the subscriber to that address.   "Upon balancing the potential embarrassment to Doe 15 and the possibility that Malibu Media could use inappropriate litigation tactics to 'coerce' a settlement, against the public's interest in knowing Doe 15's true identity and the risk of unfair prejudice to Malibu Media, the Court finds that allowing Doe to proceed by pseudonym is, at least at this state of the proceedings, appropriate."   *Malibu Media, LLC v. Reynolds, et al.*, 1:12-cv-6672 [ECF No. 51, *13-14]

Judge Tharp noted that these cases involve "matters of a sensitive and highly personal nature," that the harm to the public interest in allowing the John Doe defendant to remain anonymous was small, and that the plaintiff would not be prejudiced by his ruling.   *Sunlust Pictures, LLC v. Does 1-75*, 2012 U.S. Dist. LEXIS 121368, *14-15 (August 27, 2012).  Judge

Tharp also expressly noted that a disputed allegation that a John Doe defendant illegally downloaded (and presumably viewed) pornography fit into the framework of other cases in which anonymous litigation was permitted. *Id.*, *citing* <u>Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe</u>, 599 F.2d 707, 712-13 (5th Cir. 1979). Moreover, as a defendant, Movant has not purposely availed himself of the courts, and the public's interest in the proceeding is therefore lower.

These decisions from the Northern District of Illinois allowing defendants to proceed anonymously in Malibu Media cases is also in accord with precedent applied by courts in other circuits. Other courts have noted that the allegation that someone views sexually explicit pornography is a matter of a "sensitive and highly personal nature," which is materially embarrassing, if made public. *See* <u>Next Phase Distrib., Inc. v. Doe</u>, 2012 U.S. Dist. LEXIS 27260, 4-6 (S.D.N.Y. Mar. 1, 2012) ("This Court notes the highly sensitive nature and privacy issues that could be involved with being linked to a pornography film"); *citing* <u>Third Degree Films v. Doe</u>, 2011 U.S. Dist. LEXIS 128030 (N.D. Cal. Nov. 4, 2011) ("An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality"); *see also* <u>In re: BitTorrent Adult Film Copyright Infringement Cases,</u> E.D.N.Y. Case No. 12-1154-ADS-GRB, ECF No. 28, 12/03/2012 ("*In re: Adult Film Cases III*") (examining BitTorrent cases dealing with leave to proceed anonymously and granting Doe defendant's motion for leave to proceed anonymously); <u>Does I thru XXII v. Advanced Textile</u>, 214 F.3d 1058, 1068–69 (9th Cir. 2000) (use of pseudonyms appropriate to guard against risk of personal embarrassment); *cf.* <u>In re: Complaint of Judicial Misconduct (Kozinski)</u>, 575 F.3d 279, 283–84 (3rd Cir. 2009) (allegations that judge possessed sexually explicit offensive material

presented a "serious risk of public embarrassment. . .that can reasonably be seen as having resulted in embarrassment to the institution of the federal judiciary").

The circumstances pertaining to Movant are exceptional, and he should be permitted to proceed anonymously.  Simply, given the salacious nature of the content at issue, this kind of case always has the potential to turn a defendant with meritorious defenses into an immediate loser, simply by virtue of being linked to what many might consider to be sexually deviant behavior. Further, being named in a federal lawsuit, particularly a materially embarrassing one, is the kind of thing it is difficult if not impossible to erase from Internet search results, in the age of PACER and related recap sites.

Allowing Movant to proceed anonymously through discovery and dispositive motions will not prejudice plaintiff whatsoever, and there is little if any harm to the public interest in public court proceedings.  On balance, in this kind of case, a reasonable request such as this one should be granted, in order to help level the playing field and protect John Does—many of whom are inaccurately identified and did nothing wrong—from material embarrassment.

## IV.  CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant the instant motion, and (i) allow Movant to proceed anonymously through the close of discovery and dispositive motions, (ii) seal the un-redacted First Amended Complaint (ECF No. 10) and summons (ECF No. 11), with instructions to Malibu to file a redacted version of the First Amended Complaint, with Movant's name redacted, and for the parties similarly redact any future pleadings, for the public docket, pending further order of the Court; and (iii) direct the Clerk of Court to delete references to Movant's true name from the public docket (including the case caption and in the text references to the items in the docket report).

- 8 -

A signed paper order has been sent to the Clerk's office,

Respectfully submitted,

DATED:      November 13, 2014

**THE PIETZ LAW FIRM**                      **JOHN LOWE, PC**

*/s/ Morgan E. Pietz*                         */s/ John C. Lowe*

Morgan E. Pietz*                            John C. Lowe, VSB # 7726
3770 Highland Avenue, Suite 206             5920 Searl Terrace
Manhattan Beach, CA 90266                   Bethesda, MD 20816
mpietz@pietzlawfirm.com                     johnlowe@johnlowepc.com
Telephone:    (310) 424-5557                Telephone: (202) 251-0437
Facsimile:    (310) 546-5301                Facsimile: (888) 595-6007

*Application for Admission Pro Hac Vice*     *Local Counsel*
*Pending*

*Attorneys for John Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of the Court using ECF, which will send notification of such filing to all attorneys of record.

/s/ John C. Lowe
John C. Lowe

DATED:      November 13, 2014