**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| MALIBU MEDIA, LLC, | |
| Plaintiff, | **CASE NO. : 1:14-cv-00939-LMB-JFA** |
| v. | |
| JOHN DOE, | |
| Defendant. | |

<u>REPORT OF THE PARTIES' PLANNING MEETING</u>

1.      Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on December 18, 2014. Those participating were:

| | |
|---|---|
| Emilie Kennedy, Esq. | Morgan E. Pietz, Esq |
| 2 South Biscayne Blvd. STE 3800 | 3770 Highland Ave, Ste. 206 |
| Miami, FL 33131 | Manhattan Beach, CA 90266 |
| Tel: (786) 431-2304 | Tel: (310) 424-5557 |
| Fax: (786) 431-2229 | Fax: (310) 546-5301 |
| ekennedy@lebfirm.com | mpietz@pietzlawfirm.com |
| (*pro hac vice* application pending) | *Pro Hac Vice* |
| | |
| with consultation to: | with consultation to: |
| | |
| William E Tabot, Esq. | John C. Lowe, Esq |
| 9248 Mosby Street | 5920 Searl Terrace |
| Manassas, VA 20110 | Bethesada, MD 20816 |
| Tel: (703) 530-7075 | Tel: (301) 520-2023 |
| Fax: (703) 530-9125 | Fax: (301) 320-8878 |
| E-mail: wetabotesq@wetlawfirm.com | Johnlowe@johnlowepc.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

2.      **Pre-Discovery Disclosures**. The parties will exchange by **January 8, 2015** the information required by Fed.R.Civ.P. 26(a)(1).  The parties also agree that they will file and submit a protective order for Court approval by **January 8, 2015** or move to resolve any pending issues in that regard.

1

3.     **Motions to Add Parties or Amend Pleadings**. The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **February 12, 2015**.

4.     **Discovery Plan**. The parties jointly propose to the court the following discovery plan:

**Discovery will be needed on the following subjects:**

In addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's neighbors, and Defendant's Internet Service Provider. Plaintiff will not exceed five non-party depositions without leave of Court.

Defendant intends to propound interrogatories, requests for admission, requests for production of documents, and may conduct depositions of individuals identified in Plaintiff's or Defendant's discovery or other witnesses. Defendant may also seek to inspect the technical equipment of plaintiff's technical experts. Each deposition should last no more than 7 hours.

The parties currently intend to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses filed by Defendants.

**Disclosure of Electronically Stored Information:**

The parties anticipate that their claims or defenses will involve some electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties acknowledge that they are required to preserve relevant electronically stored information. Plaintiff asserts that evidence preservation obligations arise independently in law and equity, and do not require the entry of any order preserving documents and things from

destruction or alteration.  This includes the preservation of all of Defendant's laptops, desktops, tablets, iPads, mobile phones, external storage devices, portable hard drives, external hard drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "computer hard drives").

Plaintiff will be requesting complete forensically sound copies of Defendant's computer hard drives.  The parties agree that the forensically sound images will be created by a computer professional or Plaintiff's expert and produced in EnCase E01 format.  It is Plaintiff's position that Defendant is responsible for the cost of duplicating the computer hard drives.   It is Defendant's position that Plaintiff may file a demand to inspect Defendant's computer, and Defendant's will make the computer(s) available for inspection, but that the cost for any forensic duplication should be paid by Plaintiff.

Plaintiff will produce to Defendant all applicable MySQL log files. PCAPs (packet captures), .torrent files, .mov files, and mp4 files that correlate to the infringed works.  These files will be provided to Defendant by DVD or flash drive.

Defendant will be doing discovery on each step in the "proprietary" evidence collection system Malibu uses for its lawsuit, and on the people who collect, store and analyze this evidence for Malibu.  Defendant will also be doing discovery in support of his counter-claims.

Defendant may seek documents and ESI in their native format, relating to Plaintiff's capture of relevant information used to prosecute their claim; Defendant will confer with Plaintiff regarding any issues in method of production.

5.      **Discovery Schedule**. The parties recommend that discovery should proceed as follows:

   i.      Deadline to propound written discovery: **March 10, 2015**

ii.    Recommended discovery completion date: Discovery will be completed, and any discovery motions will be filed, by **April 10, 2015**

iii.    Mediation Cut-off: **April 10, 2015**.

iv.    Recommended date for serving primary expert designations and reports: The parties agree that Plaintiff's expert report shall be submitted by Plaintiff on or before **March 1, 2015**.

v.    Recommended date for making rebuttal expert designations: Defendant's rebuttal shall be submitted on or before **April 1, 2015**.

vi.    The earliest Settlement Week referral reasonably likely to be productive is the week of **April 10, 2015**.

vii.    The case should be ready for trial by **June 2015.**

6.    **Consent to Magistrate:**

The parties at this time do not consent to proceeding before a magistrate judge except for discovery related matters.

7.    **Settlement**:  The parties are currently engaging in settlement negotiations in a good faith attempt to resolve the matter.

8.    **Potential Discovery and/or Motion Practice Issues**:  The parties will attempt to meet and confer but have preliminary indications that the Court's assistance may be necessary to resolve the following issues:

a.    **Plaintiff's contemplated Motion to Strike Defendant's Affirmative Defenses and Dismiss Counterclaim**.

Defendant's position: the affirmative defenses pled by defendant should be allowed to proceed.  Courts have split on these issues, some of which are fairly

4

novel.  Indeed, with respect to the exact affirmative defenses at issue here, as pled here, different courts have reached opposite conclusions based on identical briefing.

Plaintiff's position: Plaintiff will file a motion to strike some of defendant's affirmative defenses and dismiss Defendant's counterclaim.  Plaintiff's motion will be supported by significant authority including opinions by courts which have struck identical affirmative defenses asserted by Defendant's counsel and dismissed Defendant's counterclaim.

b. **18 U.S.C. § 2257 Discovery**

Defendant's position: The records plaintiff is required to keep demonstrating that the performer's in plaintiff's adult movies are over the age of 18 are relevant to certain affirmative defenses and are discoverable.  As a matter of statutory interpretation, 18 U.S.C. § 2257(d)(1) only applies to the use of such records in connection with criminal investigations by the attorney general.

Plaintiff's position: Plaintiff properly maintains all records under 18 U.S.C. §2257 as required by law.  Defendant has no foundation or basis to assert otherwise other than pure speculation.  Regardless, Plaintiff's record keeping is entirely irrelevant to Plaintiff's claims against Defendant.  Indeed, to Plaintiff's knowledge no court has ever invalidated a copyright on the basis of improper record keeping.  Further, the plain text of the statute prohibits anyone from viewing these records other than those authorized by the attorney general.  The true name and information of Plaintiff's models is of the absolute utmost confidentiality and Plaintiff knows of no court that has ever required this

information be submitted in a civil case during discovery.  Plaintiff will brief this matter in full when it becomes ripe.

c.   **Defendant's access to information held by Plaintiff's witnesses who reside outside the United States**.

Defendant's position:  All of Malibu Media's cases are founded on evidence from a group of German computer technicians affiliated with a company called IPP, which monitors BitTorrent activity.  Malibu typically takes the position that IPP is a third party and that it will not produce documents or other information about evidence relevant to its claims of alleged infringement, on the theory that such information should instead be obtained directly from IPP.  If Malibu wants to rely on evidence from IPP or its affiliates and their employees or other personnel, then they need to submit themselves to the jurisdiction of this court and present themselves in the United States to be deposed.  If Malibu's counsel will accept service of a subpoena on behalf of these entities and people, and they will specifically submit to this Court's jurisdiction, defendant will be more willing to consider accommodations such as video depositions where the deponent participates from Germany.  Defendant is willing to meet and confer as to reasonable accommodations, but notes that Malibu limiting access to the German computer technicians and their data has been a recurring issue in Malibu Media litigation around the country.

Plaintiff's position: Malibu Media disputes Defendant's accusations that it has ever limited access to its investigators.  Indeed, its investigators have routinely been made available for depositions and Malibu Media has consistently been

reasonable in accommodating defendants.  The same investigators Defendant wishes to depose have even testified in trial.  *See Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 782 (E.D. Pa. 2013).  That being said, at this time Malibu Media cannot stipulate or agree to any deposition procedures for its third party investigators when Defendant has not served a subpoena or set forth his demands regarding depositions. As third parties, Malibu Media's investigators reserve their rights to legally object to any improper subpoenas that are not in compliance with the federal rules or applicable laws.  If the parties are unable to reconcile this issue at the time Defendant submits his subpoena, Malibu Media will brief the issue in full to the Court.

9. **Written Discovery Objections**.  The parties jointly agree to modify Local Civil Rule 26(C) to allow 30 days to object to written discovery.

Dated: December 18, 2014

By:  /s/ *William E. Tabot, Esq*____
William E. Tabot, Esquire #39488
William E. Tabot, Esquire, PC
9248 Mosby Street
Manassas, Virginia 20110
Tel: (709) 530-7075
*Attorneys for Plaintiff*

APPROVED BY:

| | |
|---|---|
| Emilie Kennedy, Esq. | Morgan E. Pietz, Esq |
| 2 South Biscayne Blvd. STE 3800 | 3770 Highland Ave, Ste. 206 |
| Miami, FL 33131 | Manhattan Beach, CA 90266 |
| Tel: (786) 431-2304 | Tel: (310) 424-5557 |
| Fax: (786) 431-2229 | Fax: (310) 546-5301 |
| ekennedy@lebfirm.com | mpietz@pietzlawfirm.com |
| (*pro hac vice* application pending) | |

Jon A. Hoppe, Esquire
Maddox, Hoppe, Hoofnagle
Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
Tel: (301) 341-2580
jhoppe@mhhhlawfirm.com

John C. Lowe, Esq
5920 Searl Terrace
Bethesada, MD 20816
Tel: (301) 520-2023
Fax: (301) 320-8878
Johnlowe@johnlowepc.com